| | | |
|---|---|---|
| **WILLIAM ANDREW WRIGHT,** | ) | **CASE NO. 4: 17 CV 2097** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **S. MERLAK,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner William Andrew Wright has filed a "Motion for Relief Pursuant to 28 U.S.C. § 2241," seeking relief from his federal sentence. (Doc. No. 1.) The matter is before the Court for initial screening. *See* 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to Section 2241 petitions under Rule 1(b)), the Court must dismiss the Petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face.").

For the reasons stated below, the Court finds that the Petition must be summarily dismissed.

**Background**

Petitioner asserts he was sentenced before the United States District Court for the District of Maryland on March 7, 2007, to a term of 180 months imprisonment. His conviction was based

on a violation of 18 U.S.C. § 922(g), Possession of a Firearm by a Convicted Felon. His sentence in part reflected the District Court's determination that he qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), based on prior drug convictions in the State of Maryland.

Petitioner did not file a direct appeal. In July 2015, he filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective and that his armed career criminal sentence enhancement was invalid in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013). The District Court denied this Motion on June 8, 2017.

Petitioner now seeks relief from his enhanced sentence under § 2241.

### Analysis

If a federal prisoner wishes to challenge the legality of his conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A *habeas corpus* petition under 28 U.S.C. § 2241 is only "appropriate for claims challenging the execution or manner in which the sentence is served," such as claims challenging computation of sentence credits or determining terms of parole. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 contains a limited "savings clause," 28 U.S.C. § 2255(e), that allows a prisoner to bring a § 2241 claim challenging the legality of his conviction or sentence in the extraordinarily narrow circumstances where a prisoner can show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The Sixth Circuit has regularly indicated that the narrow scope of relief under the savings clause does not apply to sentencing claims. *See Jones v. Castillo*, 489 F. App'x 864, 866, 2012 WL 2947933, at *1 (6th Cir. 2012) ( "[c]laims alleging "actual innocence" of a sentencing

enhancement cannot be raised under § 2241"); *see also Reminsky v. U.S.*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause of § 2255(e) does not apply to sentencing claims.").

Recently, the Sixth Circuit held that a prisoner may raise a sentence-enhancement claim in a § 2241 petition in very limited circumstances. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). The *Hill* Court expressly defined those circumstances as

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600.

The circumstances articulated in *Hill* do not apply here. Petitioner was not sentenced under the mandatory guidelines regime pre-*United States v. Booker*. He was sentenced in 2007, after *Booker* was decided. Further, Petitioner has not identified a new law that the Supreme Court has held applies retroactively to invalidate his sentence on collateral review and that he would be foreclosed from raising in a successive motion under § 2255.

### Conclusion

For the reasons stated above, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2017